## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VALENTINE UKANDU,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE AIR FORCE,
　　　　　　Agency.

DOCKET NUMBER
AT-0752-21-0261-B-1

DATE: August 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew Fogg, Washington, D.C., for the appellant.

Jennie C. Patschull, Joint Base Andrews, Maryland, for the agency.

William W. Cunningham, Columbus, Mississippi, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the remand initial decision, which sustained his removal. On petition for review, the appellant argues that he had ineffective assistance of counsel. *Ukandu v. Department of the Air Force*, MSPB Docket No. AT-0752-21-0261-B-1, Remand Petition for Review File,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Tab 1 at 4. He also argues that additional discovery may have aided his case. *Id*. at 4-5. Next, the appellant challenges the agency's charges of failure to maintain a condition of employment and lack of candor, providing several explanations or rationales concerning the certification he was missing and his representations about the same. *Id*. at 4-10. Finally, the appellant asserts that his removal was unreasonable and that it was the product of discrimination or reprisal. *Id*. at 4-9. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct the penalty analysis, we AFFIRM the initial decision.

¶2        Though not specifically raised by the parties, or recognized in the remand initial decision, we uncovered an error on the part of the agency regarding its penalty determination. If the Board sustains an agency's charges, as occurred here, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 24; *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In *Douglas*, 5 M.S.P.R. at 305-06, the Board listed 12 nonexhaustive factors that are relevant in assessing the penalty to be imposed for an act of

misconduct, including: the nature and seriousness of the offense, and its relation to the appellant's duties, position, and responsibilities; the appellant's job level and type of employment; his past disciplinary record; and his past work record, including his length of service and performance history. In determining whether the selected penalty is reasonable, the Board gives due weight to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Chin*, 2022 MSPB 34, ¶ 20. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id*. However, if the deciding official failed to appropriately consider the relevant factors, the Board need not defer to the agency's penalty determination. *Id*.

¶3          In this case, the agency conducted its penalty analysis on a form that is mostly unremarkable. However, the one exception is the following language about an employee's past performance: "Lengthy service, generally over 8 years, can only be a mitigating, not an aggravating factor. But lengthy service may mean employee should have known better." *Ukandu v. Department of the Air Force*, MSPB Docket No. AT-0752-21-0261-I-1, Initial Appeal File, Tab 1 at 22. On that form, the agency described the appellant as having 21 years of Federal service, including 12 with the agency. *Id*. It further described this as an aggravating factor because the appellant "should know better than to provide invalid certifications." *Id*. The Board has specifically rejected this approach, noting that such a scheme yields the illogical result that the longer an individual works for an agency, the more likely that a single misstep would be fatal to his career. *Shelly v. Department of the Treasury*, 75 M.S.P.R. 677, 684 (1997). Nonetheless, we independently find the penalty of removal to be reasonable. As the administrative judge correctly recognized, the Board has routinely sustained removals in similar situations involving an employee's failure to maintain a condition of employment. *E.g.*, *Dieter v. Department of Veterans Affairs*,

2022 MSPB 32, ¶ 6 n.2 (affirming the penalty of removal for an employee's failure to maintain a condition of employment—his ecclesiastical endorsement); *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 11 (2010) (overturning an administrative judge's decision to mitigate the penalty from removal to demotion when the action was based on an employee's loss of pilot authorization, even though the appellant had 25 years of service with otherwise good performance). Here, the appellant failed to maintain a condition of employment and he also exhibited a lack of candor about the same. Mitigating factors, such as the appellant's length of service and good performance, do not warrant a lesser penalty.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.